IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE LATHAN,

      Petitioner,

    v.                         Case No. 2:11-cv-302

                                  JUDGE ALGENON L. MARBLEY
WARDEN, SOUTHEASTERN         Magistrate Judge Kemp
CORRECTIONAL INSTITUTION,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  This matter is before the Court on that petition, respondent's return of writ, the exhibits of the parties, and petitioner's reply.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** as time-barred.

## I.  RELEVANT PROCEDURAL HISTORY

Because the Court will recommend disposition of this case because the petition was clearly filed outside of the one-year limitations period provided for in 28 U.S.C. §2244(d), the Court's recitation of the procedural history of the case will be limited to those filings which have an impact on the statute of limitations question.  Before reaching that issue, however, the Court responds to respondent's suggestion that some portion of the petition is a second or successive petition over which the Court lacks jurisdiction absent a determination by the Court of Appeals that petitioner may proceed

with a successive petition.

As background for this argument, respondent correctly notes that petitioner previously filed a habeas corpus petition in this Court. *See Lathan v. Warden Southeastern Correctional Institution*, Case No. 2:09-cv-1002. This Court dismissed the petition as unexhausted, *see Lathan v. Duffey*, 2010 WL 419437 (S.D. Ohio January 27, 2010), and the Court of Appeals affirmed this Court's decision not to issue a certificate of appealability as to that ruling. *Lathan v. Duffey*, No. 10-3253 (6th Cir. Nov. 3, 2010).

In the current case, according to respondent, the petition contains not only those claims previously dismissed on exhaustion grounds, but new claims which were not raised in the prior action. Citing to 28 U.S.C. §2244(b)(3)(A), respondent contends that grounds one, three and four in the instant petition are all new, and that the case should either be dismissed outright or transferred to the Court of Appeals as a second petition, which are the only two options available to the district court under 28 U.S.C. §1631, the statutory section under which successive petitions are to be transferred to the Court of Appeals. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

The problem with this argument is that in *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998). the Court of Appeals specifically rejected this argument, stating:

> We join with every other court to consider the question, and hold that a habeas petition filed after a previous petition has been dismissed on exhaustion grounds is not a "second or successive" petition implicating the pre-filing requirement of obtaining an order of authority from the court of appeals. *Further, the very sound rationales supporting this result are not altered by the additional consideration that the second-in-time petition may contain new habeas claims not presented in the first petition.* (Emphasis

2

supplied).

Given this unequivocal holding, this Court cannot find that the instant petition is a second or successive petition.  Were it otherwise, the Court would have no jurisdiction either to enter a judgment on the merits or to determine that the petition is time-barred. However, because there is no jurisdictional obstacle to the Court's reaching these issues, it now turns to the question of whether petitioner has filed his petition in a timely fashion under the one-year statute of limitations found in §2244(d)(1).

The key facts relating to whether a habeas corpus petition is timely filed are the dates on which certain actions were taken in or by the state courts.  *See* 28 U.S.C. §2244(d)(1)(A), which provides that the statute of limitations begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review **....**" Here, petitioner was convicted and sentenced pursuant to a guilty plea on December 14, 2007.  *Return of Writ*, Exhibit 6; *see also State v. Lathan*, 2010 WL 3722630 (Guernsey Co. App. September 23, 2010).  The Court notes that the return, at 4, recites that the judgment was entered on December 1, 2007, but this is incorrect, as the judgment entry itself recites that the sentencing hearing took place on December 14, 2007.  Under Ohio law, *see* Ohio App. R. 4(A), petitioner had thirty days, or until Monday, January 14, 2008, within which to file a timely appeal.  He did not.  Rather, on September 2, 2009, he filed a motion for leave

to file a delayed appeal.  *Return of Writ*, Exhibit 7.  Finding that petitioner had not established cause for the delay, the court of appeals denied his motion.  *Return of Writ*, Exhibit 10.  Petitioner unsuccessfully sought review from the Ohio Supreme Court.

On August 28, 2009, shortly before filing his motion for leave to file a delayed appeal, petitioner filed a motion for leave to withdraw his guilty plea**.**  He followed that motion up with a post-conviction petition, which was filed on September 8, 2009.  Both of these requests for relief were denied by the trial court on October 26, 2009, and petitioner's appeal of that decision was denied on grounds that the trial court did not abuse its discretion in denying the motion for leave to withdraw the guilty plea and that the post-conviction petition was untimely.  *State v. Lathan*, *supra*.  Petitioner again sought review from the Ohio Supreme Court, but review was denied.  *State v. Lathan*, 127 Ohio St.3d 1534 (February 2, 2011).  Petitioner filed other motions in the state court as well, but all of them were filed after August 28, 2009, so that is the earliest date on which petitioner made any effort to appeal or otherwise contest the validity of his conviction and sentence.

As noted above, petitioner also filed a habeas corpus petition in this court on November 5, 2009, with an effective filing date of October 19, 2009.  That petition was dismissed on January 27, 2010, and the Court of Appeals denied a certificate of appealability by way of an order dated November 3, 2010.  The current petition was filed on March 30, 2011, with an effective filing date of March 25, 2011.

## II.  STATUTE OF LIMITATIONS

4

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state court judgment giving rise to petitioner's claims in this Court was entered on December 14, 2007, and became final on January 14, 2008, the last day on which he could have filed a timely appeal of that judgment. The statute of limitations therefore began to run on that date, and expired one year later, on January 14, 2009. Petitioner

filed neither this, or the prior, habeas corpus action by that date, nor any motion, petition, or appeal in his state court case.  Therefore, the statute of limitations expired well before petitioner sought federal habeas corpus relief.

It is true that petitioner filed both numerous proceedings in state court *after* the statute of limitations expired, and filed a prior habeas corpus action in this Court.  As to the state court proceedings, regardless of whether any of them were timely filed under Ohio law (and some, like his post-conviction petition, clearly were not), the filing of such matters after the statute of limitations has run "'does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003), *quoting Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).  The same holds true for the untimely filing of a federal habeas corpus petition; not only does it not revive a lapsed statute of limitations, but the statute is not even tolled while the petition is pending.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005)**.**

It is true, as the United States Supreme Court has held, that the one-year statute of limitations  is not a jurisdictional bar and is subject to equitable tolling. *Holland  v. Florida,* ––– U.S. ––––, 130 S.Ct. 2549, 2562 (2010). The *Holland* Court held that a habeas petitioner is entitled to equitable tolling  "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id*. at 2562 (*quoting*

6

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010) (courts may review time-barred petitions for habeas corpus under the doctrine of equitable tolling provided that "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control"). "The petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004).

When deciding whether equitable tolling should apply, courts consider the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir.2001).

Here, there are no factors in the record suggesting that equitable tolling would apply.  In his traverse, petitioner focuses on his jurisdictional claims and presents little, if any, argument on the subject of the statute of limitations.  To the extent that he contends that recent amendments to the federal sentencing law for crack cocaine offenses somehow makes his claims timely, those amendments apply only to defendants who were sentenced in federal court originally, and they have no application here.  He has presented no other argument on the issue of equitable tolling nor argued that any of the *Dunlap* factors apply here. The Court therefore concludes that petitioner has not shown that equitable tolling is appropriate.  That being so, his

petition must be dismissed as untimely.

### III.  RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d)(1).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge