IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE LATHAN,

    Petitioner,

  v.                          Case No. 2:11-cv-302

                              JUDGE ALGENON L. MARBLEY
WARDEN, SOUTHEASTERN      Magistrate Judge Kemp
CORRECTIONAL INSTITUTION,

    Respondent.

**OPINION AND ORDER**

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On November 14, 2011, the Magistrate Judge recommended that the case be dismissed as barred by the one-year statute of limitations applicable to habeas corpus actions. See 28 U.S.C. §2244(d). Petitioner has filed an objection to that recommendation. For the following reasons, the objection will be **OVERRULED** and this case will be **DISMISSED.**

I.

Petitioner does not take issue with the key dates which affect the limitations question, as set forth in the Report and Recommendation. As stated there, petitioner was convicted and sentenced pursuant to a guilty plea on December 14, 2007. He did not timely appeal his conviction. A later motion for leave to file a delayed direct appeal was denied, as was a motion filed in the state trial court in which petitioner sought to withdraw his guilty plea, and a post-conviction petition. It is undisputed that the

earliest date on which he filed any motion or action in state court relating to his conviction was August 28, 2009.

Petitioner has filed two habeas corpus petitions in this Court. The first was dismissed without prejudice for failure to exhaust state court remedies. This is the second. The effective filing date of this petition is March 25, 2011.

## II.

28 U.S.C. § 2244(d) reads as follows:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the Report and Recommendation concluded that the state court judgment giving rise to petitioner's claims in this Court was entered on December 14, 2007, and became final on January 14, 2008, the last day on which he could have filed a timely appeal of that judgment.  It further concluded that the statute of limitations began to run on that date, and expired one year later, on January 14, 2009.  Because petitioner did not file even his first habeas corpus action by that date - and, in fact, had not challenged his conviction in state court prior to that date - the Report and Recommendation concluded that the petition was not timely filed.

Petitioner does not contend that this calculation is mistaken, and the Court agrees that it is accurate.  Thus, unless equitable tolling applies, this case must be dismissed as time-barred.

The Report and Recommendation analyzed the claim for equitable tolling using a five-factor test developed by the Court of Appeals in Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).  That approach appears to have been incorrect.  In a recent published opinion on the subject of equitable tolling, Hall v. Warden, Lebanon Correctional Inst., 662 F. 3d 745 (6th Cir. 2011), the Court of Appeals clarified the legal standard applicable to claims of equitable tolling.  There, the petitioner filed his habeas corpus petition five days after the one-year statute of limitations had run.  Petitioner argued that the statute of limitations should be equitably tolled because he was proceeding without the assistance of counsel, he had limited access to the law library, and he did not get a copy of his trial transcript from his state court attorney.

3

In determining whether petitioner's request for equitable tolling should be granted, the Court of Appeals explained that

> AEDPA's limitations period is subject to equitable tolling, see Holland v. Florida, --- U.S. ----, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010), a doctrine that "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir.2010) (internal quotation marks omitted). But courts grant equitable tolling "sparingly." Id. at 784. A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish "that he has been pursuing his rights diligently." Holland, 130 S.Ct. at 2562 (internal quotation marks omitted). And second, the petitioner must show "that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation marks omitted).

Hall, 662 F.3d at 749. The Court of Appeals further noted that this formulation of the legal standard under which requests for equitable tolling is judged marks a departure from the way in which the Court of Appeals (and, of course, district courts within this judicial circuit) had stated the test. See Dunlap, supra, at 1008 (setting out five separate factors to be analyzed in deciding if equitable tolling was appropriate). Although the petitioner in Hall claimed the tests were, at bottom, essentially the same, the Hall court disagreed; as it read Holland, "a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." Id. at 750. Concluding that the petitioner's limited ability to access a law library, his *pro se* status, and his lack of a trial transcript did not constitute

4

"extraordinary circumstances," the Court of Appeals denied his request for equitable tolling and affirmed the denial of his petition on statute of limitations grounds. This Court will analyze petitioner's claim for equitable tolling under Holland and Hall.

In his petition and traverse, petitioner's equitable tolling argument appeared to be limited to a claim that he should be able to take advantage of recent amendments to the federal sentencing law for crack cocaine offenses. In his objection, he expands upon this argument, arguing that such a change in the law allows him to file an untimely petition under §2254(e)(2)(A) and (B). However, those statutory sections relate to when an evidentiary hearing can be held in a habeas corpus case, and not to when the statute of limitations might be tolled. He also argues that the state courts occupy a position "lower" than the federal courts and are bound to apply changes in federal law.

This latter argument is clearly incorrect. The Supreme Court has consistently held that the "States are ... properly sovereign" under our constitutional structure, Cohens v. State of Virginia, 19 U.S. 264, 327 (1821), and "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." United States v. Lanza, 260 U.S. 377, 382 (1922). Thus, any changes in the way that federal courts sentence drug offenders have no effect on the way that states choose to punish those offenses. See, e.g. State v. Walley, 2010 WL 2979051, *4 (Del. Super. July 15, 2010)("even if a new rule has been announced by the federal government, it is not applicable to [a defendant] who has been convicted of violations of Delaware state cocaine offenses"). State courts are bound to follow the

United States Constitution, of course, with respect to those constitutional guarantees that have been incorporated into the Due Process Clause of the Fourteenth Amendment, see, e.g., Duncan v. Louisiana, 391 U.S. 145 (1968), but that principle does not reach as far as federal criminal statutes or sentencing guidelines, and the States are free to determine how to punish defendants convicted of crimes that are prohibited by both federal and state law based on their own sovereign determination of what punishment is appropriate.

Petitioner also argues that his lack of counsel should be taken into account in determining whether he is entitled to equitable tolling, and that he may be eligible to have his sentence reviewed under Ohio law.  As Hall illustrates, the fact that a petitioner is proceeding *pro se* is not, by itself, grounds for granting equitable relief from the running of the statute of limitations.  To the extent that petitioner may now, or may soon, have some right to have his sentence reviewed under Ohio law, that is a matter for the state courts to deal with in the first instance.  Just as "a violation of a state law ... is not cognizable in a federal habeas corpus proceeding," Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir. 1998), a change in state law provides no basis for federal habeas corpus relief, which may issue only to those state prisoners "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).

III.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the foregoing reasons, petitioner's objections are **OVERRULED.** The Court **ADOPTS**

6

the recommendation that this case be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d), and this action is hereby **DISMISSED**.

    **IT IS SO ORDERED**.

<u>s/Algenon L. Marbley</u>
ALGENON L. MARBLEY
United States District Judge
